UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| DIGITAL BACKGROUND CORPORATION,<br><br>*Plaintiff,*<br><br>v.<br><br>APPLE, INC.,<br><br>*Defendant.* | Case No: 3:07-cv-803 DRH<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Digital Background Corporation ("DBC") brings this action for patent infringement against defendant Apple, Inc. ("Apple") seeking damages and injunctive relief. DBC alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, alleging infringement of United States Patent No. 5,764,306 ("the '306 patent"). A copy of the '306 patent is attached hereto as **Exhibit A** and is incorporated herein by reference in its entirety.

2. This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Apple because Apple has conducted business in this district and has infringed, contributed to the infringement of, and/or actively

induced others to infringe DBC's patents in this district as alleged in this Complaint. For example, Apple has offered for sale or sold products in the Southern District of Illinois through its employees and/or agents at Southern Illinois University at Carbondale. Additionally, a list of Apple authorized agents selling and offering for sale the Leopard in the Southern District of Illinois is attached as **Exhibit B.**

4. Moreover, Apple continues to conduct business in this district and infringe, contribute to the infringement of, and/or actively induce others to infringe DBC's patents asserted in this district.

5. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c) and/or 1400(b), in that a substantial part of the events giving rise to DBC's claims occurred in the Southern District of Illinois and the defendant is subject to personal jurisdiction in the Southern District of Illinois (and thus for purposes of venue the defendant resides in the Southern District of Illinois).

## PARTIES

6. DBC is a corporation organized and existing under the laws of Delaware, having its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660.

7. On information and belief and after a reasonable opportunity for further discovery, Apple, Inc. is a corporation existing under the laws of California, having its principal place of business at 1 Infinite Loop, Cupertino, California 95014 with its representative agent, CT Corporation System, located at 818 West Seventh Street, Los Angeles, California 90017.

## THE PATENT-IN-SUIT

8. The '306 patent entitled "Real-Time Method of Digitally Altering a Video Data Stream to Remove Portions of the Original Image and Substitute Elements to Create a New Image" was duly and legally issued on June 9, 1998.

9. The '306 patent claims a method for allowing the real-time replacement of a designated background portion of an incoming video signal with an alternate background.

10. The inventor of the '306 patent is Michael D. Steffano.

11. The assignee of the '306 patent is Digital Property Management Group, LLC.

12. The '306 patent is valid and enforceable and has been at all times relevant to the instant action.

## THE INFRINGER

13. Apple makes, uses, sells and offers for sale the Mac® OS X Leopard ("Leopard") operating system featuring the iChat within the United States, including within the Southern District of Illinois.

14. The iChat is a component of the Leopard involving a "backdrop" feature which takes a picture of the background, replaces it with a photo or video of choice using a video frame storage (*i.e.* memory) and computer system to modify and then display the new image.

15. The iChat "backdrop" feature of the Leopard falls within the scope of at least claim 1 of the '306 patent.

## COUNT I
## APPLE'S PATENT INFRINGEMENT UNDER 35 U.S.C. § 271 OF THE '306 PATENT

16. DBC incorporates by reference the allegations of paragraphs 1-15.

3

17. Apple has directly or indirectly infringed the '306 patent at a minimum by making, using, selling, offering for sale and/or importing Mac® OS X Leopard operating system featuring the iChat.

18. Apple has also contributed to the infringement of the '306 Patent, and/or actively induced others to infringe the '306 Patent, in this district and elsewhere in the United States.

19. Apple has caused and will continue to cause DBC substantial damage and irreparable injury by virtue of its continuing such infringement.

20. DBC is entitled to recover from Apple the damages sustained by DBC as a result of Apple's wrongful acts in an amount subject to proof at trial and an injunction, preventing Apple from continuing its wrongful acts.

21. Apple has had constructive knowledge of the '306 patent as the products embodying the '306 patent are and have been clearly marked with the '306 patent's patent number, as seen in attached **Exhibit C.**

22. Upon information and belief and after an opportunity for further discovery, Apple's infringement of the '306 patent is willful and deliberate.

WHEREFORE, DBC respectfully requests that the Court enter a judgment as follows:

A. That Apple has infringed the '306 patent under 35 U.S.C. § 271;

B. Permanently enjoining and restraining Apple, its officers, directors, agents, servants, employees, licensees, successors, assigns, those in active concert and participation with it, and all persons acting on their behalf or within its control under 35 U.S.C. § 283 from further acts that infringe the '306 patent, including, but not limited to, making, using, selling, offering to

sell, importing, exporting, advertising, or otherwise using, contributing to the use of, or inducing the use of all infringing equipment produced by Apple;

  C. Requiring Defendant to:

    1. Send a copy of any decision in this case in favor of DBC to each person or entity to whom Apple has sold or otherwise distributed any products found to infringe the '306 patent, or induced to infringe the '306 patent, and informing such persons or entities of the judgment and that the sale or solicited commercial transaction was wrongful;

    2. Recall and collect from all persons and entities that have purchased wholesale or are a distributor of any and all products found to infringe the '306 patent that were made, offered for sale, sold, or otherwise distributed by Apple, or anyone acting on its behalf;

    3. Destroy or deliver to DBC all infringing equipment produced by Apple; and

    4. File with the Court and serve upon DBC, within thirty (30) days after entry of final judgment in this case, a report in writing and subscribed under oath setting forth in detail the form and manner in which Apple has complied with the Court's orders as prayed for.

  D. Awarding DBC patent infringement damages and pre-judgment interest pursuant to 35 U.S.C. § 284 including, but not limited to, lost profits and/or a reasonable royalty;

  E. Awarding DBC treble damages for willful infringement pursuant to 35 U.S.C. § 284;

  F. Declaring the case exceptional and awarding DBC reasonable costs and attorneys fees pursuant to 35 U.S.C. § 285; and

  G. Granting DBC such other and further relief as justice and equity may require.

## JURY DEMAND

DBC requests a jury trial.

                                      Respectfully submitted,
                                      DIGITAL BACKGROUND CORPORATION

                                      By its attorneys,
                                      SIMMONSCOOPER LLC

Dated: November 14, 2007        By: s/Paul A. Lesko
                                          Paul A. Lesko – IL  #6288806
                                          Stephen C. Smith – IL #6279828
                                          Katharine A. Wark – IL #6285247
                                          707 Berkshire Blvd.
                                          P.O. Box 521
                                          East Alton, IL  62024
                                          (618) 259-2222
                                          (618) 259-2251 – *facsimile*
                                          plesko@simmonscooper.com