**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| DIGITAL BACKGROUND CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:07-CV-00803-JPG-CJP |
| | ) | |
| APPLE INC. | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |

**APPLE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**
**FOR PATENT INFRINGEMENT AND COUNTERCLAIMS FOR**
**INVALIDITY, NONINFRINGEMENT, AND UNENFORCEABILITY**

Defendant Apple Inc. ("Apple") hereby answers the complaint ("Complaint") filed by Plaintiff Digital Background Corporation ("DBC") as follows:

**ANSWER**

**JURISDICTION AND VENUE**

1.      Apple admits that the Complaint purports to allege a claim for patent infringement of United States Patent No. 5,764,306 ("the '306 patent") the arising under the patent laws of the United States, 35 U.S.C. § 1. Apple admits that a copy of the '306 patent was attached as Exhibit A to the Complaint.

2.      Apple admits that this Court has subject matter jurisdiction over this action.

3.      Apple admits that this Court has personal jurisdiction over Apple and that Apple has sold or offered for sale products in this District. Apple denies that Apple has engaged in any acts of infringement, contributed to the infringement of, or actively induced others to infringe the '306 patent. Apple admits that the campus sales center at Southern Illinois University is an authorized reseller of Apple computers, some of which contain the Mac OS X v10.5 Leopard

1

("Leopard") operating system. Apple lacks sufficient information to admit or deny the remaining allegations of Paragraph 3 and, on that basis, denies the allegations.

4. Apple admits that it conducts business in this District. Apple denies the remaining allegations of Paragraph 4 of the Complaint.

5. Apple admits that this Court has personal jurisdiction over Apple. Apple denies the remaining allegations of Paragraph 5 of the Complaint.

## PARTIES

6. Apple lacks sufficient information to admit or deny the allegations of Paragraph 6 of the Complaint and, on that basis, denies the allegations.

7. Apple admits that it is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014 with its representative agent, CT Corporation System, located at 818 West Seventh Street, Los Angeles, California 90017.

## THE PATENT-IN-SUIT

8. Apple admits that the '306 patent indicates that it was issued on June 9, 1998 and is entitled "Real-Time Method of Digitally Altering a Video Data Stream to Remove Portions of the Original Image and Substitute Elements to Create a New Image." Apple denies that the '306 patent was duly and legally issued.

9. Apple lacks sufficient information to admit or deny the allegations of Paragraph 9 of the Complaint and, on that basis, denies the allegations.

10. Apple admits that the '306 patent lists Michael D. Steffano as the inventor. Apple lacks sufficient information to admit or deny the remaining allegations of Paragraph 10 and, on that basis, denies the allegations.

11. Apple lacks sufficient information to admit or deny the allegations of Paragraph 11 and, on that basis, denies the allegations.

12. Apple denies the allegations of Paragraph 12 of the Complaint.

## THE ALLEGED INFRINGER

13. Apple admits that Apple makes, uses, sells and offers for sale Leopard within the United States. Apple admits that it sells and offers for sale the Mac® OS X v10.5 Leopard operating system within the Southern District of Illinois. Apple denies that is makes Leopard within the Southern District of Illinois. Apple lacks sufficient information to admit or deny the remaining allegations of Paragraph 13 and, on that basis, denies the allegations.

14. Apple admits that iChat is a component of Leopard. Apple denies the remaining allegations of Paragraph 14.

15. Apple denies the allegations of Paragraph 15 of the Complaint.

## COUNT ONE

### ALLEGED PATENT INFRINGEMENT UNDER 35 U.S.C. § 271 OF THE '306 PATENT

16. Apple incorporates by reference its answers and responses in Paragraphs 1-15 of this Answer.

17. Apple denies the allegations of Paragraph 17 of the Complaint.

18. Apple denies the allegations of Paragraph 18 of the Complaint.

19. Apple denies the allegations of Paragraph 19 of the Complaint.

20. Apple denies the allegations of Paragraph 20 of the Complaint.

21. Apple lacks sufficient information to admit or deny the allegations of Paragraph 21 and, on that basis, denies the allegations

22. Apple denies the allegations of Paragraph 22of the Complaint.

A. Apple denies that DBC is entitled to a judgment that Apple has infringed the '306 patent.

B. Apple denies that DBC is entitled to a permanent injunction and Apple denies that it is infringing the '306 patent or making, using, selling, offering to sell, importing, exporting, advertising, or otherwise using, contributing to the use of, or inducing the use of any equipment

which infringes any claim of the '306 patent. Apple denies that DBC is entitled to any of the relief prayed for in Paragraph B.

   C(1). Apple denies that DBC is entitled to the relief requested in Paragraph C(1) of the Complaint.

   C(2). Apple denies that DBC is entitled to the relief requested in Paragraph C(2) of the Complaint.

   C(3). Apple denies that DBC is entitled to the relief requested in Paragraph C(3) of the Complaint.

   C(4). Apple denies that DBC is entitled to the relief requested in Paragraph C(4) of the Complaint.

   D. Apple denies that DBC is entitled to an award of damages and Apple denies that any Apple products or services come within the scope of the patent claims. Apple denies that DBC is entitled to any of the relief prayed for in Paragraph D.

   E. Apple denies that Apple is infringing the '306 patent and that DBC is entitled to an award of treble damages.

   F. Apple denies that this is an exceptional case, and denies that DBC is entitled to recover any of its costs or attorneys' fees.

   G. Apple denies that DBC is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

Without admitting any allegations of the Complaint not otherwise admitted, Apple asserts affirmative defenses as follows:

### **First Affirmative Defense**

   23. The '306 patent is invalid and void for failure to comply with the provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Second Affirmative Defense**

24. Apple does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or imported into the United States, any products or methods that infringe any valid claims of the '306 patent, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe the '306 patent.

**Third Affirmative Defense**

25. Apple does not infringe any valid claims of the '306 patent due to intervening rights available under at least 35 U.S.C. § 41(c)(2).

**Fourth Affirmative Defense**

26. The products manufactured and sold by Apple have substantial non-infringing uses and therefore do not contribute to or induce infringement of the claims of the '306 patent.

**Fifth Affirmative Defense**

27. On information and belief, the plaintiff in this case, DBC, lacks standing to assert the '306 patent.

**COUNTERCLAIMS OF APPLE INC.**

28. Defendant and Counterclaimant Apple requests declaratory judgment that the claims of the '306 patent are invalid, unenforceable, and not infringed.

**Parties**

29. Apple is a corporation organized and existing under the laws of the State of California, with its principal place of business in Cupertino, California. On information and belief, Apple is registered to do business as a foreign for-profit corporation in the State of Illinois.

30. On information and belief, DBC is a limited liability company with its principal place of business in California.

**Jurisdiction and Venue**

31.     This Court has subject matter jurisdiction over Apple's counterclaims under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

32.     To the extent personal jurisdiction and venue in this District are proper for DBC's claims, personal jurisdiction and venue are proper for Apple's counterclaims.

**Background**

33.     DBC has filed suit alleging that Apple infringes or has infringed the '306 patent.

34.     Apple has denied that it infringes or has infringed any valid claim of the '306 patent. Apple also has asserted that the '306 patent is invalid.

35.     Based on the foregoing, there is an actual, immediate, and justiciable controversy between DBC and Apple as to the validity and infringement of the '306 patent.

**Count I**

(Declaratory Judgment – Invalidity of DBC's '306 Patent)

36.     Apple repeats and realleges Paragraphs 1-35 as if fully set forth herein.

37.     The '306 patent is invalid for failure to comply with the provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Count II**

(Declaratory Judgment – Noninfringement of DBC's '306 Patent)

38.     Apple repeats and realleges Paragraphs 1-37 as if fully set forth herein.

39.     The '306 patent is not infringed because Apple does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or imported into the United States, any products or methods that infringe any valid claims of the '306 patent, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe the '306 patent.

DM_US:20967029_1

### Count III

(Declaratory Judgment – Unenforceability of DBC's '306 Patent)

40.   Apple repeats and realleges Paragraphs 1-39 as if fully set forth herein.

41.   Apple has not yet pleaded inequitable conduct, unclean hands, estoppel, or laches as affirmative defenses, nor has it pleaded at this time an affirmative counterclaim based on violation of the antitrust and/or unfair competition laws.  If, as Apple's investigation of the relevant facts progresses, it becomes apparent that such affirmative defenses and/or counterclaims exist, Apple reserves the right to seek leave to amend its Answer and Counterclaims appropriately.

### PRAYER FOR RELIEF

Wherefore, Apple requests the following relief:

(a)   that DBC's Complaint be dismissed with prejudice;

(b)   that the '306 patent be declared invalid;

(c)   that Apple be declared not to infringe the '306 patent, directly or indirectly; and

(d)   that this Court grant such other and further relief to Apple as this Court may deem just and equitable and as this Court deems appropriate and necessary.

### DEMAND FOR JURY TRIAL

Apple requests a jury trial on all issues triable to a jury.

Dated:  January 22, 2008    By:   /s/ Joseph P. Conran
                                  Joseph P. Conran
                                  joe.conran@husch.com
                                  Dutro E. Campbell
                                  bruce.campbell@husch.com
                                  HUSCH & EPPENBERGER, LLC
                                  190 Carondelet Plaza, Suite 600
                                  St. Louis, MO  63105
                                  Telephone:  314.480.1500
                                  Facsimile:   314.480.1505

Henry C. Bunsow (admitted *pro hac vice*)
California State Bar No. 60707
James F. Valentine (admitted *pro hac vice*)
California State Bar No. 149269
Jason T. Anderson (admitted *pro hac vice*)
California State Bar No. 212938
Ryan J. Moran (admitted *pro hac vice*)
California State Bar No. 244447
Christina M. Finn (admitted *pro hac vice*)
California State Bar No. 247838
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA  94303
Telephone:  650.798.3500
Facsimile:   650.798.3600
E-mail:  BunsowH@howrey.com
E-mail:  ValentineJ@howrey.com
E-mail:  AndersonJ@howrey.com
E-mail:  MoranR@howrey.com
E-mail:  FinnC@howrey.com

Attorneys for Defendant and
Counterclaimant APPLE INC.

8

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system to those attorneys of record with an email address indicated, this 22nd day of January, 2008:

Paul A. Lesko, Esq.
plesko@simmonscooper.com
Stephen C. Smith, Esq.
ssmith@simmonscooper.com
Katharine A. Wark, Esq.
SIMMONSCOOPER LLC
707 Berkshire Boulevard
Post Office Box 521
East Alton, IL  62024

*Attorneys for Plaintiff  Digital Background Corporation*

    /s/ Joseph P. Conran
JOSEPH P. CONRAN