**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| **DIGITAL BACKGROUND** | ) | |
| **CORPORATION**, | ) | |
| | ) | |
| *Plaintiff,* | ) | **CASE NO.:  3:07-CV-00803-JPG-CJP** |
| **vs.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **APPLE, INC.,** | ) | |
| | ) | |
| *Defendant.* | ) | |

**PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM COUNT III, OR IN
THE ALTERNATIVE, MOTION TO STRIKE COUNTERCLAIM COUNT III OF
DEFENDANT APPLE, INC.**

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f), Plaintiff Digital Background

Corporation ("DBC") hereby submits this Motion to Dismiss Counterclaim Count III, or

in the Alternative, Motion to Strike Counterclaim Count III of Defendant Apple, Inc.

("Apple").

**INTRODUCTION**

On November 14, 2007, Plaintiff DBC filed its Complaint against Apple alleging

that Apple directly or indirectly infringes DBC's United States Patent No. 5,764,306

("the '306 patent") by making, using, selling, offering for sale and/or importing Mac®

OS X Leopard operating system featuring iChat with the Background Effects feature.

*See* Docket No. 2.  On January 22, 2008, Apple filed an Answer and Counterclaims to

DBC's Complaint alleging, in part, invalidity and noninfringement of DBC's '306 patent.

*See* Docket No. 24.  Further, Apple labeled its Counterclaim Count III as "Declaratory

Judgment – Unenforceability of DBC's '306 Patent."   Yet, rather than specifically

pleading unenforceability, Apple instead lists several affirmative defenses and counterclaims in Count III and states that while Apple "has not yet pleaded" those defenses, "if…it becomes apparent that such affirmative defenses and/or counterclaims exist, Apple reserves the right to seek leave to amend its Answer and Counterclaims appropriately." *See* Docket No. 24, ¶ 41. In other words, Count III **does not plead** an affirmative defense, or counterclaim, it merely reserves the right to do so at a later date.

Unfortunately, by only reserving the right and not pleading a defense outright, Apple fails to state a claim upon which relief can be granted. Further, not only is the paragraph insufficient but it contravenes the legitimate purpose of a pleading and violates fair notice to the opposing party.

However, in the event the Court finds Counterclaim Count III sufficient to state a claim, the counterclaim should still be dismissed, or in the alternative, stricken for failure to provide fair notice of the basis of its defense, and for failure to plead inequitable conduct with specificity.

Thus, for the foregoing reasons and as discussed more fully below, Defendant Apple's Counterclaim Count III should be dismissed based on Fed. R. Civ. P. 12(b)(6), or in the alternative, Counterclaim Count III should be stricken pursuant to Fed. R. Civ. P. 12(f).

## ARGUMENT

## I.    DEFENDANT APPLE'S COUNTERCLAIM COUNT III MUST BE DISMISSED UNDER RULE 12(b)(6).

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may move for dismissal of claims asserted against it based on the "failure to state a claim upon which relief can be granted." A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency

of the pleading to state a claim upon which relief may be granted.  "Dismissal is

warranted...when no facts in support of the...claim would entitle...relief."  *BCWC LLC*

*v. Reading Rock, Inc.*, Slip Copy, 2007 WL 2955573, *1 (N.D.Ill., October 10, 2007)

citing *Lee v. City of Chicago,* 330 F.3d 456, 459 (7th Cir. 2003); *Bell Atlantic Corp. v.*

*Twombley,* 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

Specifically, courts have found that statements in pleadings which "reserve any

and all rights to assert either additional affirmative defenses or additional counterclaims

on the basis of additional information learned during the course of this action" are

insufficient.  *See Calabrese v. CSC Holdings, Inc.*, No. CV 02-5171(DLI)(JO), 2006 WL

544394, *6 (E.D.N.Y., March 6, 2006)(Court struck reservation of additional affirmative

defenses and counterclaims included in Answer "because the challenged paragraphs

identif[ied] no defense or counterclaim that could succeed on the merits"); *see also*

*County Vanlines, Inc. v. Experien Info. Solutions, Inc.*, 205 F.R.D. 148 (S.D.N.Y.,

2002)(Court struck affirmative defense which attempted to reserve right to assert

additional defenses).

Further, "such assertions do nothing to achieve the purpose of a proper pleading,

which is to provide fair notice to opposing parties of the issues in the case."  *Id.*  As such,

affirmative defenses and counterclaims which seek to reserve the unilateral right to add

additional affirmative defenses should be stricken with prejudice as violating the fair

notice requirement of Fed. R. Civ. P. 8 and circumventing Fed. R. Civ. P. 15. *Boss*

*Products Corp. v. Tapco Int'l Corp.*, No. 00-CV-0689E(M), 2001 WL 135819, *3

(W.D.N.Y., Feb. 16, 2001)(Court found that reservation of a unilateral right to add new

and different affirmative defenses as they became known at indeterminate times in the

future should be stricken based in part on Fed. R. Civ. P. 8 and 15). In fact, allowing future attempts to amend through the reservation of rights may be misinterpreted as excusing the applicable constraints of the Federal Rules resulting in prejudice to one party. *See Calabrese,* 2006 WL 544394 at *7.

In the instant case, Apple seeks to reserve the right to later amend and assert the affirmative defenses and counterclaims listed in Counterclaim Count III. Yet, in doing so, Apple fails to sufficiently state any claim that would entitle it to a remedy that DBC's patent is unenforceable, at that time. By merely listing numerous defenses that one typically asserts in patent infringement cases but not asserting any specific one, the claim in fact asserts nothing except the reservation of rights. This is insufficient and fails under 12(b)(6).

Moreover, Apple's attempted reservation of rights disguised as a counterclaim is a violation of fair notice. The Federal Rules of Civil Procedure establish requirements for amending pleadings and for proper pleading standards and they do not allow for the unilateral amendment and assertions of defenses at any time, as Apple is attempting to do. Thus, for these reasons, Apple's Counterclaim Count III should be dismissed.

## II.     IN THE ALTERNATIVE, APPLE'S COUNTERCLAIM COUNT III SHOULD BE STRICKEN UNDER RULE 12(f).

Under the Federal Rules of Civil Procedure, a court has discretion to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." *See* Fed. R. Civ. P.12(f). "Although motions to strike are generally disfavored because they typically produce only delay, such motions may actually expedite litigation if they remove clutter from the proceedings." *Venzor v. Chavez*, No. 96 C 4131997, WL 136300, *1 (N.D.Ill., March 19, 1997) citing *Heller Fin., Inc. v.*

*Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir.1989).  "Indeed, motions to strike

serve a useful purpose by eliminating insufficient defenses."  *DGM Investments, Inc. v.*

*New York Futures Exchange, Inc.*, No. 01 Civ. 11602(RWS), 2004 WL 635743, *1

(S.D.N.Y. March 31, 2004).

      "An affirmative defense which is insufficient on its face, which comprises no

more than a bare conclusory allegation, or which consists of an unsupported legal

conclusion will generally be stricken."  *Crews v. City of Mt. Vernon*, No. 06-cv-1012-

DRH, 2007 WL 1521498, *1 (S.D.Ill., May 22, 2007).  As described in the previous

section, the reservation of rights to later assert additional defenses is insufficient and

accomplishes no legitimate purpose.  *See Calabrese*, 2006 WL 544394 at *6-7.  Courts

have found that simply expressing a willingness to assert defenses in the appropriate

circumstances is eligible for striking under Rule 12(f).  *Id.* at *7.

      As Apple only identifies potential defenses in its list in Counterclaim Count III,

but fails to state which ones it may or may not assert, the entire counterclaim remains

insufficient.  DBC has no way of knowing which or at what time the counterclaims may

be later asserted, thus what purpose do Apple's attempted actions have – the answer is

none.  Apple should be forced to either properly assert its defenses in the counterclaim so

that DBC may adequately defend against them, or Apple should properly abide by the

established Rules of Civil Procedure in amending their Answer and Counterclaims at a

later date, if possible.  Reserving the right to amend provides no purpose, other than to

cause delay in the instant case.

III.    **IF APPLE'S COUNTERCLAIM COUNT III STATES A CLAIM, IT STILL MUST BE DISMISSED, OR IN THE ALTERNATIVE, STRICKEN FOR FAILURE TO PROVIDE FAIR NOTICE AND PLEAD WITH SPECIFICITY.**

A.    **Apple's Counterclaim Count III Should be Dismissed, or in the Alternative, Stricken for Failure to Provide Fair Notice.**

If the Court decides that Apple's Counterclaim Count III is sufficient, Apple still fails to properly plead such defenses.  Specifically, an affirmative defense "may be struck if it fails to provide 'fair notice' of the basis of the defense."  *Qarbon.com Inc. v. Ehelp Corp.*, 315 F.Supp.2d 1046, 1048 (N.D. Cal. 2004) (In a patent infringement action, defendant's affirmative defenses of waiver, estoppel and unclean hands failed to specify what the defense was – for example, what type of estoppel or several types - and the grounds upon which it rests, and therefore were stricken for failure to provide fair notice of defenses); *see also Crews,* 2007 WL 1521498 at *1 ("Simply naming a legal theory without indicating how it is connected to the case at hand is not sufficient to withstand a motion to strike").  Basically, "a reference to a doctrine…is insufficient notice." *Qarbon.com Inc.,* 315 F.Supp.2d. at 1049 (Defendant's reference to doctrines such as waiver, estoppel and unclean hands without pleading the elements of those affirmative defenses failed to provide fair notice of its defenses and the defenses were stricken).

In the present case, Apple merely lists the affirmative defenses of inequitable conduct, unclean hands, estoppel, and laches.  However, Apple's allegations provide no grounds for its defense.  For example, the allegations fail to set forth why the '306 patent is unenforceable, how DBC has delayed the case, or what type of estoppel is alleged.  As such, Apple's affirmative defenses are overly broad and too general to give DBC fair notice of the basis of the defenses in order to adequately defend against such claims.

6

Thus, if the Court deems Apple's list of affirmative defenses and counterclaims

sufficient, Counterclaim Count III must still be dismissed, or in the alternative, stricken

for failure to provide fair notice.

**B.    Apple's Counterclaim Count III Should be Dismissed, or in the Alternative, Stricken for Failure to Plead Inequitable Conduct with Specificity.**

Fed. R. Civ. P. 9(b) states that "in all averments of fraud or mistake, the

circumstances constituting fraud or mistake shall be stated *with particularity*." (emphasis

added).  The majority of federal courts have held that Rule 9(b) applies not only to

common law fraud claims but to inequitable conduct claims as well.  *See, e.g.*, *Davidson

v. Cao*, 211 F.Supp.2d 264, 285 (D.Mass. 2002); *Agere Sys. Guardian Corp. v. Proxim,

Inc.*, 190 F.Supp.2d 726, 734 (D.Del. 2002); *Moore U.S.A., Inc. v. Standard Register Co.*,

139 F.Supp.2d 348, 359 (W.D.N.Y. 2001); *Heidelberg Harris, Inc. v. Mitsubishi Heavy

Indus., Inc.*, 42 U.S.P.Q.2d 1369, 1372 (N.D.Ill. 1996).

In applying claims of inequitable conduct to the heightened pleading standards of

Rule 9(b), federal courts have consistently held that the circumstances constituting fraud

that must be stated with particularity include "such matters as the time, place, and

contents of false representations, as well as the identity of the person making the

misrepresentation and what was obtained or given up thereby."  *Reding v. Goldman

Sachs & Co.*, 382 F.Supp.2d 1112, 1118 (E.D.Mo. 2005) (Plaintiffs have not met the

particularity requirements of Rule 9(b) in that they failed to provide any particulars about

the allegedly false and misleading information, failed to identify the reports which

contained such allegedly false and misleading information, and failed to demonstrate why

such information was false and/or misleading at the time such representations were made) citing *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982).

Specifically, in a patent infringement action, to satisfy the requirements of Rule 9(b) for an inequitable conduct claim, "there must be clear and convincing proof of (1) material prior art or information; (2) applicant's knowledge of that prior art of information and of its materiality; and (3) failure of the applicant to disclose the art or information because of an intent to mislead the PTO." *Environ Products, Inc. v. Total Containment, Inc.*, 951 F.Supp. 57, 61 (E.D.Penn. 1997).

In the case at hand, Apple's Counterclaim Count III fails to provide any of the particulars required to sufficiently plead inequitable conduct under Rule 9(b). By simply stating the term "inequitable conduct" without including any factual support or specific allegations as to who, when, where, and the contents of misrepresentations, Apple has prevented DBC from obtaining the tools to adequately defend against such allegations. Therefore, as Apple's counterclaim fails to meet the specificity requirements of 9(b), it should be dismissed, or in the alternative, stricken.

## CONCLUSION

For the foregoing reasons, DBC respectfully requests that the Court grant its Motion to Dismiss Defendant Apple's Counterclaim Count III, or in the alternative, grant its Motion to Strike Defendant Apple's Counterclaim Count III, in its entirety.

Respectfully submitted,
DIGITAL BACKGROUND CORPORATION

By its attorneys,
SIMMONSCOOPER LLC

Dated:  February 14, 2008          By:      s/ Paul A. Lesko_____
                                        Paul A. Lesko
                                        Stephen C. Smith
                                        Katharine A. Wark
                                        707 Berkshire Blvd.
                                        P.O. Box 521
                                        East Alton, Illinois 62024
                                        (618) 259-2222
                                        (618) 259-2251 – *facsimile*
                                        E-mail:  plesko@simmonscooper.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of February, 2008, the foregoing was filed electronically with the Clerk of the Court to be served by the operation of the Court's electronic filing system upon the following:

**James F. Valentine**
valentinej@howrey.com
**Jason Anderson**
andersonJ@howrey.com
**Ryan Moran**
moranr@howrey.com
**Christina M. Finn**
finnc@howrey.com

**Greg G. Gutzler**
greg.gutzler@husch.com
**Dutro E. Campbell, II**
bruce.campbell@husch.com
**Joseph P. Conran**
joe.conran@husch.com

and I hereby certify that on this 14th day of February, 2008, I mailed by United States Postal Service, postage pre-paid, the document to the following non-registered participant:

Henry C. Bunsow, Esq.
Howrey LLP
525 Market St., Suite 3600
San Francisco, CA  94105

 /s/ Paul A. Lesko_____
Attorneys for Plaintiff
Digital Background Corporation