UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIGITAL BACKGROUND CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>APPLE, INC.,<br><br>　　　　　Defendant. | Case No. 07-cv-803-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Apple, Inc.'s Motion to Transfer Venue (Doc. 25). Plaintiff Digital Background Corporation has filed a response (Doc. 30) and Apple, Inc. has replied (Doc. 31). For the following reasons, the Court GRANTS the Motion.

**BACKGROUND**

Plaintiff Digital Background Corporation (DBC) brought this suit for patent infringement against Defendant Apple, Inc. (Apple). DBC is a patent holding company that seeks to license intellectual property. DBC alleges that the "backdrop" feature of iChat, offered with Apple's "Leopard" operating system, infringes on United States Patent Number 5,764,306 (Patent '306). DBC alleges a second company, Digital Property Management Group, LLC (DPMG) is the assignee of Patent '306. The Leopard operating system is offered for sale nationwide, including in the Southern District of Illinois.

Apple is a corporation incorporated under the laws of California, having its principal place of business in Cupertino, California, which is embraced by the Northern District of California. DBC is a corporation incorporated under the laws of Delaware, having its principal place of business in Newport Beach, California, which is embraced by the Central District of

California. DPMG, the assignee of the '306 patent, was organized in Texas, with its initial registered office located in Dallas, Texas.

DPMG's sole organizer and manager, Bruce Renouard, resides the Northern District of California. The two Apple engineers who designed and developed the backdrop feature at issue reside in the Northern District of California. Additionally, almost all of the domestic employees involved with the development and marketing of the backdrop feature at issue work at Apple's headquarters located in the Northern District of California. The inventor of the '306 patent, Michael Steffano, resides in Austin, Texas. The patent attorney who prosecuted the '306 patent, William Hulsey, also resides in Austin, Texas.

Neither party asserts that any potential witnesses reside in the Southern District of Illinois. Neither party asserts that any relevant documents or facilities are located within the Southern District of Illinois. At least two retailers in the Southern District of Illinois sold the product at issue.[1]

## ANALYSIS

In patent cases, venue is governed by 28 U.S.C. § 1400(b), which provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." For purposes of 28 U.S.C. § 1400 (b), a non-resident corporate defendant "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at

---

[1] Parenthetically, the Court notes that while DBC counts up to fourteen retailers who sell the product at issue, a good number of those retailers are located in Saint Louis, Missouri, a location neither within the Southern District of Illinois nor, indeed, within the Seventh Circuit. However, the number of retailers selling the product at issue plays little, if any, role in the Court's analysis.

the time the action commenced." 28 U.S.C. § 1391(c).

As a preliminary matter, the Court notes that it has subject matter jurisdiction over patent infringement suits pursuant to 28 U.S.C.§§ 1331 and 1338(a).  Additionally, Apple concedes that it is, and was at the time this action commenced, subject to personal jurisdiction in the Southern District of Illinois.  Because Apple was subject to personal jurisdiction in this district, it is deemed to have resided here, making venue appropriate in this Court.

Because Apple's principal place of business is in Cupertino, California, Apple is also subject to personal jurisdiction in the Northern District of California**.**  Therefore, venue is also proper in that district.  Apple contends that, as venue is more convenient in the Northern District of California, the case should be transferred there.

When a suit is filed with proper venue in a district court, that court may "[f]or the convenience of parties and witnesses, in the interest of justice ... transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a);  *Coffey v. Van Dorn Iron Works*  796 F.2d 217, 219 (7th Cir.1986).  The moving party bears the burden of showing particular circumstances that establish that the transferee forum is clearly the more convenient of the two.  *Id*. at 219-20.  The decision to transfer a case is left to the discretion of the district court.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988);  *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)*;  Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986);  *see Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

**I.**     **Factors to be Evaluated**

In evaluating whether to transfer a case, the district court must weigh factors of "convenience" including: the plaintiff's choice of forum, the situs of material events, the courts's

respective power to compel the appearance of unwilling witnesses at trial, and the costs associated with transporting and housing witnesses to the respective forums. *See Coffey,* 796 F.2d at 219; *Forcillo v. LeMonde Fitness, Inc.*, 220 F.R.D. 550, 551 (S.D.Ill. 2004); 15 C. Wright, A. Miller & E. Cooper, Federal Practice §§ 3849-53 (1986). Additionally, the Court must weigh factors of "justice" including: the courts's respective familiarity with the applicable law, the speed at which these types of cases are typically resolved in the respective forums, and the relation of the respective communities to the occurrence at issue. *See Coffey,* 796 F.2d at 219; *Forcillo v. LeMonde Fitness, Inc.*, 220 F.R.D. 550, 551 (S.D.Ill. 2004); 15 C. Wright, A. Miller & E. Cooper, Federal Practice §§ 3849-53 (1986).

    **A.**    **Convenience**

        **1.**    **Plaintiff's Choice of Forum**

The district court must give some weight to the plaintiff's choice of forum. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)*; Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982). "However, where the plaintiff's chosen forum is not the plaintiff's home forum or lacks significant contact with the litigation, the plaintiff's chosen forum is entitled to less deference." *Plotkin v. IP Axcess, Inc.*, 168 F.Supp.2d 899, 902 (N.D.Ill. 2001), *see also Forcillo*, 220 F.R.D. at 551. This district is not DBC's home forum, nor is it the home to any identified witnesses or any other form of proof. In fact, DBC's only relationship with the Southern District of Illinois appears to be the filing of the instant suit. Therefore, while the Court will give some weight to DBC's preference for litigating in this district, it will not give this factor controlling weight.

### 2.     Situs of Material Events

The sale of the product at issue in the Southern District of Illinois makes venue proper here. However, similar sales of this product occur nationwide, so there is no unusual connection between this district and the alleged infringement. Instead, in patent cases like this one, district courts do better to focus on the situs where the product at issue was "designed, tested, and readied for production." *Forcillo*, 220 F.R.D. at 554. In the case at bar, all those events took place in the Northern District of California. All the relevant documentation is there as well. Therefore, this factor weighs in favor of transfer.

### 3.     Witnesses

The convenience of the witnesses is perhaps the most important factor for the Court to consider in its analysis of whether to transfer venue. *See Coffey*, 796 F.2d at 219 n.3; *Forcillo*, 220 F.R.D. at 552. Here, both parties concede that many of the potential witnesses reside in the Northern District of California, including the two Apple engineers who designed and developed the product at issue. DBC points out that two of the potential witnesses reside in Austin, Texas, and Texas "is closer to Illinois than California." However, whether the Court retains or transfers this case, those two witness will have to travel. Additionally, when total travel time is computed, the two venues are approximately equidistant. Transfer to the Northern District of California ensures that fewer witnesses overall will need to travel and incur the costs associated with travel and lodging. Additionally, the identified assignee of Patent '306 resides in the Northern District of California. The assignee is a non-party to the action, is potentially a key witness, and is beyond the subpoena power of this Court. However, the Northern District of California can compel his appearance. Therefore, this factor weighs heavily in favor of transfer.

**B.     Justice**

On occasion the "interests of justice" may require a different result than the "convenience of the parties." *Coffey*, 796 F.2d 220. The district court must weigh the familiarity of the respective courts with the applicable law, the speed at which these types of cases are typically resolved in the respective forums, and the relation of the respective communities to the occurrence at issue.

Both the Southern District of Illinois and the Northern District of California are familiar with the substantive law. The Northern District of California has special local rules related to patent cases, from which it can be inferred that the Northern District of California hears more patent cases than the Southern District of Illinois does. However, the subject matter of the suit is within the exclusive jurisdiction of the federal courts, making it within the competence of this Court to hear. Therefore, this factor is neutral. Likewise neutral is the relative congestion of the courts's dockets, as the resolution times for the two districts are substantially equal.

Finally, the interest of the respective communities to the occurrence at issue weighs in favor of transfer. Sales of the product at issue occur in the Southern District of Illinois. However, sales of the same product also occur in the Northern District of California. Additionally, the alleged infringing activity occurred in that district, and both the assignee of the patent and the alleged violator of the patent reside in the Northern District of California. In short, the Northern District of California's interest in this suit far exceeds the Southern District of Illinois's interest. Therefore, this factor weighs in favor of transfer.

To summarize, one factor - the plaintiff's choice of forum - weighs slightly against transfer. The other non-neutral factors - the situs of the infringing activity, the location of

relevant documents, the convenience and availability of the parties and witnesses, and the interest in the suit of the respective communities - all weigh heavily in favor of transfer. Accordingly, the Court finds that Apple has met its burden of establishing that the Northern District of California is clearly the more convenient forum for this action.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Transfer Venue (Doc. 25). This case is hereby **TRANSFERRED** to the United States District Court for the Northern District of California.

**IT IS SO ORDERED.**
**DATED: March 17, 2008**

                                         s/ J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**